**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2847-19

MICHAEL RANTZ,

      Plaintiff-Appellant,

v.

THE PLANNING BOARD OF
THE BOROUGH OF BAY
HEAD and PATRICK WATERS
and SHANNON WATERS,

      Defendants-Respondents.

_____

          Argued July 6, 2021 – Decided September 8, 2021

          Before Judges Messano and Suter.

          On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Docket No. L-0626-17.

          Edward F. Liston, Jr. argued the cause for appellant.

          Barry A. Stieber argued the cause for respondent Planning Board of the Borough of Bay Head (Citta, Holzapfel & Zabarsky, attorneys; Barry A. Stieber, on the brief).

Angelo A. Stio, III argued the cause for respondents Patrick Waters and Shannon Waters (Troutman Pepper Hamilton Sanders, LLP, attorneys; Angelo A. Stio, III, of counsel and on the brief).

PER CURIAM

This matter is before us a second time. We refer to our prior opinion which explains the context of this appeal.

Defendants Patrick and Shannon Waters purchased a home in Bay Head and submitted a development application to the Planning Board of the Borough of Bay Head (the Board) pursuant to N.J.S.A. 40:55D-68, seeking to have an accessory structure to the rear of their house declared a pre-existing non-conformity.[1] Rantz v. Planning Bd. of Bay Head, No. A-5765-17 (App. Div. Aug. 20, 2019) (slip op. at 2–3). Specifically, defendants contended the structure had a sink, toilet and shower in it for years prior to their purchase. Id., slip op. at 3. The application was hotly contested before the board by plaintiff and others, since defendants' notices referred to their intention to continue the use of the accessory structure as sleeping quarters for family and guests. Id., slip op. at 3–4. Our prior opinion recounted what followed.

> [D]efendants attempted to prove the sink, toilet and shower were in the accessory structure prior to a 2003

---

[1] The Board is a unified board that also exercises all powers of a board of adjustment pursuant to N.J.S.A. 40:55D-25(c).

2                                                                A-2847-19

amendment to Bay Head's zoning regulations. Prior to the amendment, the ordinance was silent as to whether plumbing fixtures were permitted inside accessory structures; the amendment added language that prohibited "interior plumbing except for . . . clothes washers, dryers and work sinks" in any "accessory building in a residential zone." Borough of Bay Head Ordinance, § 147-6(D)(7). Plaintiff, on the other hand, asserted that if the plumbing fixtures were installed prior to 2003, they had been abandoned.

[Id., slip op. at 4.]

The borough zoning officer, Bart Petrillo, who was a member of the Board, had recused himself at the first public meeting based on prior meetings he had with defendants and objectors to the application before it was filed. Id., slip op. at 3–4. However, defendants subsequently called Petrillo as a witness without objection. Id., slip op. at 4.

After considering the testimony of Petrillo, . . . nine other witnesses and documentary proof, the Board voted to issue a certificate of non-conformity as to the sink and toilet, but not the shower. In its January 2018 memorializing resolution, the Board found that the "sink and toilet [were] located in the accessory structure since at least prior to 2003" and no owner had "intended to abandon" their use. Citing Petrillo's testimony, the Board credited his "opinion that prior to the ordinance change in 2003, use of the sink and toilet in the accessory structure [was] permitted" under Bay Head's zoning regulations.

[Id., slip op. at 4–5.]

Plaintiff filed suit in the Law Division, and the judge vacated the Board's resolution without consideration of plaintiff's arguments on the merits. Id., slip op. at 5. The judge concluded once Petrillo disqualified himself from consideration of the application, his testimony as a witness "irreparably tainted the proceedings." Id., slip op. at 6. Defendants appealed and we reversed, explaining that plaintiff failed to object when defendants called Petrillo as a witness, and Petrillo's testimony was properly admitted and considered by the Board. Id., slip op. at 10–11. We remanded the matter to the Law Division to consider the merits of plaintiff's challenge to the Board's resolution. Id., slip op. at 12.

On remand, the parties agreed that no further briefing or argument was necessary. In a detailed opinion supporting his order affirming the Board's resolution, the judge noted the apparent confusion before the Board based on defendants' notices regarding continuation of the structure as a residential dwelling. However, quoting extensively from the transcripts, the judge noted the Board and defendants' counsel clarified the issue, such that "the only approval being sought by [defendants was] a determination pursuant to N.J.S.A. 40:55D-68 that the existing plumbing facilities within the accessory building were legal prior nonconformities and could be maintained."

The judge quoted Petrillo's testimony, and the testimony of Robert Dege, a licensed plumber called by defendants, who testified that based on his examination of the fixtures, the existing toilet and sink were installed no later than 1940. Dege, however, was less certain about when the shower was installed. The judge noted that the objectors' and plaintiff's opposition primarily focused on the possible use of the structure for sleeping quarters, but

> once that issue was resolved, neither . . . plaintiff nor the others provided any substantial and relevant evidence regarding the history of the plumbing facilities in question other than the accessory structure had not been used as a living space and therefore they presumed these facilities were either not used or abandoned.

The judge concluded the Board's "findings [were] supported by substantial evidence." In particular, Petrillo's testimony supported the conclusion that prior to the 2003 amendment, "the zoning ordinance allowed such fixtures in accessory buildings." The judge also determined the Board reasonably relied on Dege's testimony as to when the fixtures were installed. The judge noted there was no evidence suggesting the fixtures "were ever disconnected, removed or abandoned." Therefore, "the Board could and did reasonably infer that the use of the facilities ha[d] been continuous and never abandoned." He found the Board's findings "were based on the uncontroverted testimony of [defendants']

witnesses."  The judge also found "no legal basis . . . to disturb the factual findings and ultimate decision of the Board."  He entered an order affirming the Board's resolution, and this appeal followed.

Before us, plaintiff argues that plumbing fixtures cannot be non-conforming uses under the Municipal Land Use Law (MLUL), N.J.S.A. 40:55D-1 to -163, and even if they could be "certified" as such under N.J.S.A. 40:55D-68, the evidence before the Board was insufficient.  Alternatively, plaintiff contends the evidence demonstrated a prior owner "abandoned" the facilities, and therefore defendants lost any protection for the facilities as pre-existing non-conformities.  Defendants and the Board argue otherwise.  We affirm.

"When reviewing a trial court's decision regarding the validity of a local board's determination, 'we are bound by the same standards as was the trial court.'"  Jacoby v. Zoning Bd. of Adjustment of Englewood Cliffs, 442 N.J. Super. 450, 462 (App. Div. 2015) (quoting Fallone Props., LLC v. Bethlehem Twp. Plan. Bd., 369 N.J. Super. 552, 562 (App. Div. 2004)).  "[T]he action of a board will not be overturned unless it is found to be arbitrary and capricious or unreasonable, with the burden of proof placed on the plaintiff challenging the action." Dunbar Homes, Inc. v. Zoning Bd. of Adjustment of Franklin, 233 N.J.

546, 558 (2018) (alteration in original) (quoting Grabowsky v. Twp. of Montclair, 221 N.J. 536, 551 (2015)).

"[Z]oning boards, 'because of their peculiar knowledge of local conditions[,] must be allowed wide latitude in the exercise of delegated discretion.'" Price v. Himeji, LLC, 214 N.J. 263, 284 (2013) (second alteration in original) (quoting Kramer v. Bd. of Adjustment, Sea Girt, 45 N.J. 268, 296 (1965)). "Th[e] board's decisions enjoy a presumption of validity, and a court may not substitute its judgment for that of the board unless there has been a clear abuse of discretion." Ibid. (citing Cell S. of N.J., Inc. v. Zoning Bd. of Adjustment of W. Windsor Twp., 172 N.J. 75, 81 (2002)).

However, "[a]lthough a municipality's informal interpretation of an ordinance is entitled to deference, that deference is not limitless." Bubis v. Kassin, 184 N.J. 612, 627 (2005) (citing Fallone Props., 369 N.J. Super. at 561). "[T]he meaning of an ordinance's language is a question of law that we review de novo." Ibid. (citing In re Distrib. of Liquid Assets, 168 N.J. 1, 11 (2001)); see also Wyzykowski v. Rizas, 132 N.J. 509, 518 (1993).

In relevant part, N.J.S.A. 40:55D-68 provides: "[A]ny . . . person interested in any land upon which a nonconforming use or structure exists may apply in writing for the issuance of a certificate certifying that the use or

structure existed before the adoption of the ordinance which rendered the use or structure nonconforming. The applicant shall have the burden of proof." (emphasis added). The MLUL defines both nonconforming structures and nonconforming uses:

> "Nonconforming structure" means a structure the size, dimension or location of which was lawful prior to the adoption, revision or amendment of a zoning ordinance, but which fails to conform to the requirements of the zoning district in which it is located by reasons of such adoption, revision or amendment.
>
> "Nonconforming use" means a use or activity which was lawful prior to the adoption, revision or amendment of a zoning ordinance, but which fails to conform to the requirements of the zoning district in which it is located by reasons of such adoption, revision or amendment.
>
> [N.J.S.A. 40:55D-5.]

Bay Head's zoning regulations permit "[a]ccessory uses and buildings" in residential zones, specifically, "[p]rivate garages, carports or other accessory structures on the same lot with, and customarily incidental to, the principal building or use." Borough of Bay Head, N.J., Ordinance 2003-6, § 147-6.1(B)(1). Since 2003, the ordinance provides that "[a]n accessory building shall not have interior plumbing except for purposes of clothes washers, dryers, and work sinks."

A-2847-19

Plaintiff contends sinks and toilets are simply "facilities," not uses, and so the Board could not "certify" them as pre-existing nonconformities under the MLUL. He argues the use of bathroom facilities cannot be disassociated from the accessory structure itself; if defendants could not use the accessory structure for housing or sleeping quarters, i.e., uses routinely associated with bathrooms, the Board could not simply certify fixtures.

However, before the judge, plaintiff acknowledged more than once that a sink and toilet made the accessory building a "nonconforming structure." Indeed, this exchange took place between the judge and defense counsel:

> Judge: Let's say for the sake of argument that the set back and height were conforming. The structure itself . . . met all the other bulk requirements of the ordinance —
>
> Counsel: Mm-hm.
>
> Judge: — it would still be a nonconforming structure in the sense that . . . it has a toilet and a sink, which an accessory structure can't have, right?
>
> Counsel: That's correct.

The Board did not consider whether having a sink and toilet within the accessory building made its existence a nonconforming use, because defendants conceded they would not use the building for a non-permitted use, i.e., residential dwelling purposes.

A-2847-19

Having conceded the point before the trial judge, plaintiff's brief does not address whether defendants' accessory building was a non-conforming structure because of the sink and toilet. "An issue that is not briefed is deemed waived upon appeal." N.J. Dep't of Env't Prot. v. Alloway Twp., 438 N.J. Super. 501, 505–06 n.2 (App. Div. 2015) (citing Fantis Foods v. N. River Ins. Co., 332 N.J. Super. 250, 266–67 (App. Div. 2000)). We therefore accept that the accessory building was a nonconforming "structure." As such, plaintiff's contention that defendants' application was beyond the certification procedure permitted by N.J.S.A. 40:55D-68 lacks any merit.

Plaintiff contends that the Board lacked sufficient evidence upon which to support a finding that the nonconformity legally existed prior to the 2003 amendment to the zoning regulations. He notes the 1940 zoning ordinance described an accessory building as "a building, such as a stable, garage, playhouse, barn or greenhouse which is subordinate and accessory to the main building on the same lot," and did not expressly permit installations of sinks and toilets. Plaintiff argues defendants failed to prove when their accessory structure was actually built, and whether the building contained a sink and toilet in conformity with zoning regulations prior to 2003.

The Board relied on Petrillo's testimony regarding the zoning regulations prior to 2003 and concluded a sink and toilet would not have made defendants' accessory building nonconforming. Nothing in the 1940 ordinance prohibited the fixtures, and Petrillo explained why the 2003 amendment limited permissible fixtures to "clothes washers, dryers, and work sinks."

Undoubtedly, there was evidence implying that a prior owner may have stopped using the fixtures, such as the lack of their inclusion in official "fixture records" and the lack of a sewer assessment by the borough. Two witnesses who rented the property from one of its prior owners testified that they were told not to use the fixtures, implying any pre-amendment nonconformity was abandoned.

However, "[a] board 'has the choice of accepting or rejecting the testimony of witnesses. Where reasonably made, such choice is conclusive on appeal.'" Ne. Towers, Inc. v. Zoning Bd. of Adjustment of W. Paterson, 327 N.J. Super. 476, 498 (App. Div. 2000) (quoting Kramer, 45 N.J. at 288). The Board found there was no evidence that at any point in time the owners of the property "intended to abandon use of the sink and toilet," and, as recently as 2012, the fixtures had "been 'winterized' and otherwise maintained by a licensed plumber."

"[A]n intention to abandon" a nonconformity is essential to concluding it was in fact abandoned. Berkeley Square Ass'n, Inc. v. Zoning Bd. of Adjustment

11

of Trenton, 410 N.J. Super. 255, 265 (App. Div. 2009) (quoting S & S Auto Sales, Inc. v. Zoning Bd. of Adjustment for Stratford, 373 N.J. Super. 603, 613 (App. Div. 2004)). "Temporary non-use does not constitute abandonment." Ibid. (quoting S & S Auto Sales, 373 N.J. Super. at 614). We "may not substitute [our] judgment for that of the local board," and therefore we cannot conclude the Board's factual determination in this regard was unsupported by sufficient credible evidence. S & S Auto Sales, 373 N.J. Super. at 615 (citing Kramer, 45 N.J. at 296).

To the extent we have not addressed any other arguments raised by plaintiff, we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

12

A-2847-19